IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20430
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE VILLARREAL,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CR-158-2
- - - - - - - - - -
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Guadalupe Villarreal appeals his guilty-plea conviction and sentence for conspiracy to possess with intent to distribute cocaine and for conspiracy to launder drug proceeds. He argues that he did not waive the right to appeal both his sentence and the denial of his motion to suppress, that the district court abused its discretion by denying his motion to suppress, and that the district court erred by increasing his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1).

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Villarreal's written plea agreement clearly sets forth a waiver-of-appeal provision, and the FED. R. CRIM. P. 11 hearing indicates that Villarreal's waiver was informed and voluntary. See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994). Villarreal's waiver therefore bars consideration of his challenge to the district court's denial of his motion to suppress. However, because Villarreal specifically reserved the right to appeal his sentence if it resulted from a misapplication of the sentencing guidelines, this court may review his challenge to the sentencing court's application of § 2D1.1(b)(1).

Section 2D1.1(b)(1) is applied if a firearm was possessed by the defendant in relation to the offense of conviction "unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.3). This court reviews the district court's decision to apply § 2D1.1(b)(1) for clear error. United States v. Devine, 934 F.2d 1325, 1339 (5th Cir. 1991). Villarreal failed to present any evidence at sentencing to rebut the presentence report's (PSR) factual findings that a search of Villarreal's residence revealed (1) a loaded pistol and a quantity of currency on the shelves of the headboard of the master bedroom's bed; (2) two scales (one with cocaine residue on it) found in an undisclosed area of the house; and (3) two money-counting machines, a rolled-up dollar bill with cocaine residue on both ends, three drug ledgers, and $1,807,587 hidden under the insulation of the attic. Accordingly, the district court was free to adopt the PSR's findings without further inquiry. United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994). Based

on the PSR's findings, the district court did not err by increasing Villarreal's base offense level pursuant to § 2D1.1(b)(1).  The district court's judgment is AFFIRMED.

AFFIRMED.